D. Dulany’s opinion.
IT is unnecessary to consider the qualities of an award, but as they respect the present dispute. An award, in this view, may be described under the character of a judgment, given by judges chosen by the parties, to decide some matter in controversy. Arbitrators, as private men, having no authority independent of their commission derived from the voluntary act of the parties, that is necessarily circumscribed by the terms of this. 1 Bac. 131. 139. It is self evident, that the parties cannot confer an authority1; which they cannot themselves exercise. Ibid. 132.
Having regard to the subjects of arbitration, with the view above suggested, an award may determine the right thereto, by its own proper operation, or direct the means by which the right may be acquired or settled. This is a consequence from the premises, but will be more clear from instances. When .the subject is (e. g.~) a chattel transferable by the party without solemnity, the award may sua vi, establish the right of property. Ibid. 135. Dy. 182. pi. 57. S. C. Cro. Eliz. 223. When the subject is (e. g.) a freehold not transferable without the solemnity of conveyance, an award declaring the right of property is void, because the necessary solemnity is wanting ; and yet the right of freehold is as submissible, as the property of chattels. The difference is, that in the latter case the property is determinable, in the former it is not; but a further act is requisite. Considering the award as remedial, an action will lie on award to recover in debt; but not in ejectment. *271 Ibid. 132. 1 Ld. Raym. 115. 3 Black. Com. 16. The case Vin. tit. Partition, 221. in margine, will serve to illustrate and confirm this idea. The partition was the subject; the award was precise in the allotment of severalty, but held to be void; because since 29 Car. II. there could not be partition without deed. That which is void, is in the consideration of law, a nonentity. A conveyance intended, but not perfected according to the legal requisites, is no conveyance ; i. e. it has no operative quality of a conveyance, so of award. Dal. 43. pi. 27. Plow. Com. 399. 10 Rep. 131. 6 Har. 12. 5 Co. 78. The case in Strange of the post mortem inquisition, as far as it goes, is to the same effect; for it was admitted in evidence, because voidable only. An award being in the nature of a judgment, must therefore, have a determinate and final effect. Bac Abr. 139. 147. 2 Stra. 10. 24. Burr. Rep. 277, 278. There can be no accidents, to speak in the language of Lord Hobart, without a substratum. That which does not exist, cannot have any positive quality; to apply the epithets determinate and final, to a mere nullity, would therefore be to confound language. For the reasons assigned, I am of opinion that the declaration of the arbitrators, was a mere nullity, and therefore, ought not in any manner to have affected the appellant.
On this part of the case, it may also be observed, that by the contract of the parties, they were to be bound by award only ; but there has been no award, and if either of them be affected by something else than award, their contract will be contravened.
But admitting the award to be such, as that an action would lie, what will be the consequence ?
By its proper vigour, or efficacy, the award cannot affect the right of freehold, or be the means of settling it in any other respect, than as it might induce the party in point of discretion, rather to cede the right, than incur a forfeiture of his bond. Had a conveyance been awarded, it is clear that a conveyance could not be compelled, and the penalty also be recovered. In order to avoid the objection of a *272 double satisfaction, it was argued for the appellee, that no action can be maintained on the award; the consequence of this position I have already considered.
Inconvenience was urged, and the argument was furnished with the aid of supposed cases, wherein possession had followed the decisions of arbitrators; but this is not speaking ad idem, for the present case is a recent transac-, tion, and the possession had been disputed. It was suggested that many possessions depend upon awards. Many is a very vague term. That there are possessions depending on awards, is probable; but not that it is a very common case, for I cannot recollect an instance in any cause, whilst I was at the bar. But, allow the argument to all the extent of fact, and it will fail in its conclusion — that men would lose their possessions; for where there has been an award, and an acquiescence under it, equity will preserve the possession; (among other) vid. 3 Ch. Rep. 30. 2 Fern. 24. 1 Hard. Rep. 62. 3 P. Wms. 187, 188, 189. So that the inconvenience will be, that the party must submit to be protected by a remedy in equity, an inconvenience that does not much alarm, because it occurs in a great variety of instances. There is another inconvenience, I more dread; that of unsettling the law, making apprehension the ground of decision, (which, in other words, is making the temper of Judges the rule, if that which is hardly the same in any two men, may be called a rule,) and confounding jurisdictions. Lord Bacon’s observation “ optima est lex quce arbitrio judiéis minimum relinu quit, et optimus judex qui minimum sibi assumit,” would be a good motto for a Court of Law.
Upon the whole, I am of opinion, that the judgment of the Provincial Court ought to be reversed, but without costs.
At February term, 1771, the Court of Appeals reversed (he judgment of the Provincial Court, without costs.